**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAMON L. WHEELER, )
)
Plaintiff, )
)
v. ) Case No. 25-1176- JWB-GEB
)
TACO SHOP. )
)
Defendant. )
)

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court regarding Plaintiff's Complaint (ECF No. 1), filed on August 15, 2025, alleging disability and religious discrimination, retaliation, and presumably FLSA claims. The same day, Plaintiff supplemented his Complaint with a Motion and Order to Show Cause (ECF No. 4), seeking to add additional facts in support of his claims. Since pro se filings are liberally construed, the Court further considered in aggregate, the facts presented in Plaintiff's Motion for Order to Show Cause (ECF No. 4) and Plaintiff's Supplement (ECF No. 5) for screening.[1] For the reasons set forth herein, the Court **RECOMMENDS DISMISSAL IN PART** of Plaintiff's claims **(ECF No. 1)** for religious discrimination under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(a)-(b) and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, for failure to state a claim. Plaintiff's claim for disability

[1] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

discrimination per the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 should be permitted to proceed.

## I. NOTICE

Within fourteen (14) days after Plaintiff is served with a copy of this Report and Recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2) file written objections to the same. Plaintiff must file any objections within the time prescribed in the event he seeks appellate review of the proposed findings of fact, conclusions, of law, or recommended disposition.

## II. BACKGROUND[2]

Plaintiff filed his Complaint and Financial Affidavit on August 15, 2025.[3] On the same date, Plaintiff further supplemented the facts of his Complaint with a paragraph length pleading labeled Motion for Order to Show Cause (ECF No. 4). A few weeks later, on September 3, 2025, Plaintiff filed his Right to Sue letter relating to the named Defendant issued by the Equal Employment Opportunity Commission ("EEOC") on August 22, 2025, which was after the Complaint was filed.[4] Upon review of Plaintiff's combined pleadings, he asserts federal jurisdiction under the following federal statutes and regulations: 1) Title VII, 42 U.S.C. § 2000e *et seq*.; 2) 29 C.F.R § 525 (a federal regulation implementing sections of the Fair Labor Standards Act ("FLSA") that allows disabled workers to be paid

[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) or the Motion (ECF No. 4). This background information should not be construed as judicial findings or factual determinations.
[3] ECF No. 3-1, *sealed*.
[4] ECF No. 5.

for their work at "special minimum wage rates below the rate that would otherwise be required by statute");[5] 3) 29 C.F.R. § 1630.12 (the Americans with Disabilities Act's ("ADA") implementing regulations against retaliation and coercion); 4) 42 U.S.C. § 2000bb-1(a)-(b) the Religious Freedom Restoration Act ("RFRA");[6] and 5) 28 C.F.R. § 38 (a federal regulation for faith-based organizations that apply for, or participate in, social service programs supported with federal financial assistance).

Liberally construing Plaintiff's pleadings and the factual support within them, the Court understands Plaintiff's claims to be for employment discrimination per: 1) the ADA and; 2) for religious discrimination by his former employer, Taco Shop, under either Title VII, or potentially the RFRA. Plaintiff contends the Defendant violated the ADA when they terminated him, with knowledge of his disability, after he notified his shift lead of his need for a variety of accommodations to be implemented "during his shift." Plaintiff specified his disability and contends he was still capable of performing all of the duties of the job, while taking his prescribed medications. Plaintiff contends after he notified the shift lead of his requested accommodations, he was retaliated against by his coworkers through "hideous remarks regarding [his] disorder."[7] Plaintiff indicates his employment was terminated on July 18, 2025.[8]

---

[5] 29 C.F.R § 525.1.

[6] *See Ramirez v. Collier*, 595 U.S. 411, 424 (2022) (aimed at providing more protection for religious exercise than is available under the First Amendment).

[7] ECF No. 1 at 10.

[8] ECF No. 1 at 9.

Plaintiff then asserts, while he was working the same day, Defendant discriminated against his religion and wrongfully terminated his employment following a "disagreement with a customer about his religious tattoo." According to Plaintiff, the tattoo is a "national manifestation" from his membership in a "structuralized Latino organization." He then contends his shift lead retaliated against him, and his manager ended up sending him home.[9] Again, Plaintiff's employment was ultimately terminated and, as a result, he seeks his lost wages.

Since Plaintiff neither makes factual references to wage and hour accommodations or funding for faith-based organizations, nor states a cause of action under either federal regulation cited, the Court initially recommends dismissal of any claims Plaintiff makes under 29 C.F.R § 525 or 28 C.F.R. § 38. The undersigned cannot identify a need to address the federal regulation claims further. The Court further recommends dismissal of any claim Plaintiff makes for religious discrimination as reasoned below, but Plaintiff's ADA claims should proceed on the facts alleged.

## III. RECOMMENDATION

When a party seeks to proceed without the prepayment of fees, the *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to screen the party's complaint. Under § 1915, *sua sponte* dismissal of this case is required if the court determines the action: 1) is frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks relief from a defendant who is immune from suit. The purpose of § 1915(e) is "the

[9] ECF No. 4.

prevention of abusive or capricious litigation."[10] After application of these standards, the undersigned finds Plaintiff has stated a potentially cognizable claim for discrimination pursuant to the ADA and believes his claim should proceed.[11] However, the undersigned recommends dismissal of Plaintiff's RFRA and Title VII claims for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has not established a claim for religious discrimination by his employer. Fed. R. Civ. P. 8(a)(2) requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." This requires the complaint state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed.[13] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[14] and the Court cannot "take on the

---

[10] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing language contained in § 1915(d), prior to the statute's amendment in 1996)).

[11] *See EEOC v. Picture People, Inc.*, 684 F.3d 981, 985 (10th Cir.2012) ("A prima facie case of disability discrimination under the ADA requires that the Employee (1) be a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability."); *Carter v. Pathfinder Energy Services, Inc.*, 662 F.3d 1134, 1142 (10th Cir.2011) (quoting *Berry v. T–Mobile USA, Inc.*, 490 F.3d 1211, 1216 (10th Cir. 2007) (internal quotation marks omitted)) ("A person is 'disabled' under the ADA if he has 'a physical or mental impairment that substantially limits one or more major life activities.' 42 U.S.C. § 12102(1)(A). To satisfy this definition, 'a plaintiff must (1) have a recognized impairment, (2) identify one or more appropriate major life activities, and (3) show the impairment substantially limits one or more of those activities.'").

[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Hall*, 935 F. 2d at 1110.

[14] *Id.*

responsibility of serving as [his] attorney in constructing arguments and searching the record."[15] Finally, Fed. R. Civ. P. 8 "demands more than naked assertions."[16]

Under Fed. R. Civ. P. 8(a), every complaint must contain three minimal pieces of information: 1) the pleading should contain a short and plain statement of the claim showing Plaintiff is entitled to relief; 2) a short and plain statement of the grounds for the Court's jurisdiction; and 3) a statement of the relief requested. If any of these requirements are absent, even after providing a liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[17] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[18]

The Court, as required, has construed Plaintiff's Complaint liberally.[19] Plaintiff simply does not provide any facts to allow this Court to find a statutory basis for a claim of religious discrimination to proceed. As an initial matter, Plaintiff alleges his religious discrimination claim is pursuant to the RFRA. However, he also alludes to bringing forth the claim pursuant to Title VII. It is Plaintiff's prerogative as to whether he brings his claims under the RFRA and/or Title VII for employment discrimination. But different elements

---

[15] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (internal edits omitted) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[16] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[17] *Snider v. Burton*, No. 15-1043-JTM, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).
[18] *Id*. (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).
[19] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

and standards of proof apply to each type of claim. In order to determine whether Plaintiff has pled a plausible claim for relief under a statute—in this case, the RFRA or Title VII—the Court must know the statute on which Plaintiff's claims are based.

Although the Court liberally construes pro se complaints, it "will not ... construct a legal theory on plaintiff's behalf."[20] That said, whether the claim is under the RFRA or Title VII, the Complaint fails to state a plausible claim for relief. To the extent Plaintiff intends to allege claims under the RFRA, the ultimate questions are: 1) whether the Government has "substantially burden[ed]" Plaintiff's "exercise of religion;" 2) whether the application of the burden to Plaintiff is "in furtherance of a compelling governmental interest;" and 3) is it "the least restrictive means of furthering that compelling governmental interest."[21] For such a claim to proceed past screening, the Court must determine whether Plaintiff has made a plausible claim the government has substantially burdened his personal exercise of his religion.[22] Plaintiff makes no such allegations involving the government, and the incident, as pled.

Further, Plaintiff fails to state a cognizable claim under Title VII for religious discrimination. Title VII prohibits an employer from discharging "any individual ... because of such individual's ... religion."[23] The statute imposes an obligation on the employer "to reasonably accommodate the religious practices of an employee or prospective employee, unless the employer demonstrates that accommodation would result

[20] *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).
[21] 42 U.S.C. § 2000bb-1(a)-(b).
[22] *See Srader v. U.S.*, No. 23-3178-JWL, 2023 WL 5835029, at *6 (D. Kan. Sept. 8, 2023).
[23] 42 U.S.C. § 2000e–2(a)(1).

in undue hardship on the conduct of its business."[24] The appropriate prima facie case for a Title VII discriminatory discharge claim based on religion requires a showing that: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement."[25]

While Rule 8 does not require Plaintiff to state precisely each element of his claims or describe every fact with specific detail, it does require him to set forth sufficient factual allegations on which a recognized legal claim could be based.[26] Labels or allegations of conclusions are insufficient when no facts are alleged.[27] But the absence of facts to plausibly support Plaintiff's claim here makes it impossible for Defendant to have fair notice of what is being alleged against them.[28] There are simply no facts alleged which tend to support Defendant discriminated against Plaintiff based on his religion, on the specific day in question, or even during the time period he was employed. Plaintiff does not allege any requirement of employment that conflicted with the display of his tattoo. Nor do the facts alleged support Plaintiff ever informed the Defendant of the tattoo's

---

[24] *Thomas v. Natl. Ass'n of Ltr. Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000) (citing 29 C.F.R. § 1605.2(b)(1), (2) (1999)) (internal citations omitted).

[25] *Banks v. Serv. Am. Corp.*, 952 F. Supp. 703, 708 (D. Kan. 1996) (citing *Turpen v. Missouri–Kansas–Texas R. Co.*, 736 F.2d 1022, 1026 (5th Cir.1984)); *Williams v. Potter*, 316 F. Supp. 2d 1122, 1136 (D. Kan. 2004), *aff'd*, 149 Fed. Appx. 824 (10th Cir. 2005) (unpublished).

[26] *Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997); *Hall*, 935 F.2d at 1110.

[27] *Id.*; *Singleton v. Convergys Corp.*, No. 16-2614-DDC, 2016 WL 11397820, at *2 (D. Kan. Sept. 21, 2016).

[28] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

significance. Plaintiff also never contends he was disciplined by his employer over his tattoo on the day in question or was ever confronted during his employment about the tattoo.

Instead, the facts contend Plaintiff was sent home over an interaction with a Taco Shop *customer* about the religious emblem, not an interaction directly with the Defendant, the employer. Even so, amendment with these facts would remain futile where the same flaw in attaching Title VII employment discrimination liability for religious discrimination would exist. The pleadings for this claim simply fail to construct a cognizable claim against the Defendant for religious discrimination. A *pro se* claim may be dismissed if it clearly fails to state a legally cognizable claim, and it is not the Court's duty to become an advocate for the *pro se* litigant.[29] Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) of Plaintiff's claims under Title VII for failure to state a claim upon which relief may be granted.[30]

## IV. CONCLUSION

For the reasons described above, **IT IS THEREFORE ORDERED** Plaintiff's ADA claim be permitted to proceed.

---

[29] *Hall* at 1110.

[30] *See, e.g.*, *El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

**IT IS FURTHER ORDERED** although service of process is traditionally undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending review of this Report and Recommendation.

**IT IS THEREFORE RECOMMENDED** Plaintiff's claims under 29 C.F.R § 525 and/or 28 C.F.R. § 38 be dismissed for failure to state a claim per 28 U.S.C. 1915(e)(2)(B)(ii).

**IT IS FURTHER RECOMMENDED** Plaintiff's RFRA and Title VII claims, as identified above, be **DISMISSED** for failure to state a claim upon which relief may be granted per 28 U.S.C. 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** a copy of this recommendation shall be mailed to Plaintiff by certified mail.

**IT IS SO ORDERED**.

Dated this 11th day of March 2026 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge