IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON L. WHEELER,

                Plaintiff,

v.                                              Case No.  25-1176-JWB

TACO SHOP,

                Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Gwynne E. Birzer's Report and Recommendation ("R&R") that Plaintiff's claims be dismissed in part for failure to state a claim. (Doc. 8.)  Plaintiff had fourteen days from service of the R&R to object.  According to the tracking number, the mail was never delivered and returned to sender as unclaimed.  (*Id.*; Doc. 9.) Therefore, despite the lack of an objection, this court will evaluate Plaintiff's claims on the merits.

### I.    Facts

The following facts are taken from Plaintiff's complaint.  (Doc. 1.)  The court assumes their truth for purposes of this order.  Plaintiff Damon L. Wheeler is a former employee of the Taco Shop located at 1010 E. Harry in Wichita, Kansas. (*Id.* at 1, 10.)  He brings this action against his former employer pro se. (*Id.* at 1.)  He invokes a series of federal regulations and statutes that purportedly form the basis for his claims. (*Id.* at 3.)  Principally though, it appears that his claims arise under Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and likely, the Religious Freedom Restoration Act ("RFRA"). (*Id.* at 3, 7.)

Plaintiff alleges that on July 16, 2025, Defendant did not accommodate Plaintiff despite knowing he suffered from a disability, in violation of the ADA. (*Id.*)  Plaintiff has "schizoaffective

1

disorder." (*Id.* at 9.) He explained that he was on medication for this disorder and his employer let Plaintiff's coworkers make "hideous remarks regarding" his disorder. (*Id.* at 10.) This apparently constituted retaliation against Plaintiff, who was sent home and terminated on July 18, 2025. (*Id.* at 3.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 6, 2025. (*Id.* at 8.) He was issued a right to sue letter on August 22, 2025. (Doc. 1-2.) Plaintiff's complaint states that he is a "Christian – national manifestation of a reformed member of a structuralized Latino organization." (Doc. 1 at 9.) For these troubles, he seeks an award of $10,000 in lost wages. (*Id.* at 11.)

Plaintiff supplements his allegations in an attachment to his complaint. Plaintiff explains that he was sent home "due to a disagreement with a customer about his religious tattoo that plaintiff Damon L. Wheeler has on his skin in the national manifestation from Mr. Wheeler being a reformed member of a structuralized latino organization." (Doc. 1-1 at 1.) Plaintiff further alleges that he notified Taco Shop of a need for disability accommodation and was retaliated against. (*Id.*) He also claims that the shift lead, Alex, was the one who retaliated against him. (*Id.*) The general manager, Kyle, sent Plaintiff home. (*Id.*)

The magistrate judge recommended that Plaintiff's claims be dismissed in part for failure to state a claim. (Doc. 8 at 1.) Specifically, she recommended that Plaintiff's RFRA and Title VII claims be dismissed, but that his ADA claim could proceed. (*Id.*) This court will review the magistrate judge's order *de novo*, even though the court has not received any objections from Plaintiff. After review, the court dismisses the entire action for failure to state a claim.

## II.    Standard

2

On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").

## III.    Analysis

### A.    Religious Discrimination

The court agrees with the magistrate judge's determination that "Plaintiff has not established a claim for religious discrimination by his employer." (Doc. 8 at 5.)  Likewise, the court agrees that this is because Plaintiff has failed to comply with Rule 8. (*Id.* at 5–6.)  As the magistrate judge explained, Plaintiff has indicated his religious discrimination claims fall under both the RFRA and Title VII.   If Plaintiff's claim falls under the RFRA, it requires an allegation that the government burdened his exercise of religion. 42 U.S.C. § 2000bb-1. Plaintiff's complaint does not plead any allegations involving the government.

Title VII, by contrast, applies to private parties like Defendant.  42 U.S.C. § 2000e-2(a)(1). But like the magistrate judge, this court finds that Plaintiff cannot maintain a Title VII claim for religious discrimination on the pled facts.  A prima facie case of Title VII discrimination requires allegations that "(1) [Plaintiff] had a bona fide religious belief that conflicted with an employment requirement; (2) [he] informed the employer of this belief; and (3) [his] employer disciplined [him] because [he] did not comply with the conflicting employment requirement." *Williams v. Potter*,

316 F. Supp. 2d 1122, 1136-37 (D. Kan. 2004) (citing *Thomas v. Nat'l Ass'n of Letter Carriers*, 225 F.3d 1149, 1155 (10th Cir. 2000)).  As the magistrate judge explained, there are no allegations that Defendant even knew of Plaintiff's religious tattoo or its significance.  (Doc. 8 at 8–9.)  Moreover, Plaintiff's own allegations state that he was "sent home" because of a dispute with a customer over the tattoo, not over a dispute with Taco Shop.  (Doc. 1-1 at 1.)  Therefore, the court agrees with the magistrate judge and dismisses Plaintiff's religious discrimination claims.

B.      **Disability Discrimination**

The magistrate judge did not greatly detail the reasons for recommending Plaintiff's ADA claim proceed.  (*See generally* Doc. 8 at 1–10.)  This court disagrees that the ADA claim should proceed as the complaint lacks sufficient factual matter to make out an ADA claim.  To properly plead a claim of ADA employment discrimination a plaintiff must plead "(1) [he] is disabled within the meaning of the ADA; (2) [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) [he] was discriminated against because of [his] disability."  *Osborne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1266 (10th Cir. 2015) (quoting *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1118 (10th Cir. 2004) (internal quotation marks omitted)).  While this burden is "not onerous," Plaintiff has failed to meet it here. *Id.* (quoting *Hawkins v. Schwan's Home Serv., Inc.*, 778 F.3d 877, 883 (10th Cir. 2015) (internal quotation marks omitted)).

The court finds that Plaintiff has likely pled that he is disabled within the meaning of the ADA.  (Doc. 1 at 3, 9.)  The court also finds that Plaintiff has likely pled that he is qualified for the job he held.  (Doc. 1-1 at 1.)  But Plaintiff has not pled that he was discriminated against because of his disability.  Plaintiff alleges that he was sent home and terminated following a disagreement with a customer.  (*Id.*)  But this disagreement was, on Plaintiff's own telling, related

4

to his apparently religious tattoo not his disability.  (*Id.*)  The only other discrimination that Plaintiff alleges is that Defendant let Plaintiff be mocked by coworkers making "hideous remarks." (Doc. 1 at 10.)  The court is skeptical that this one fact is sufficient to plead discrimination under the ADA.  Plaintiff provides no other context about the remarks, such as who made them, and what they specifically said.  Even given the liberal pleading standard afforded to pro se litigants the allegations here are very sparse on facts, and therefore the court dismisses Plaintiff's claims.

### C.    Other Claims

As mentioned previously, Plaintiff raises multiple provisions from the Code of Federal Regulations in his complaint.  The court agrees with the magistrate judge that these regulations are inapposite to this case and without an identifiable cause of action, they cannot be utilized as the basis for a claim.  (Doc. 8 at 4.)  Therefore, any claims Plaintiff seeks to raise under 29 C.F.R. § 525 or 28 C.F.R. § 38 are dismissed for failure to state a claim.  (Doc. 1 at 3.)

## IV.    Conclusion

For the foregoing reasons, Plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.  Dated this 29th day of April, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

5